## UNITED STATES v. GUTHRIE.

(District Court, S. D. Ohio, W. D.   September 16, 1922.)

No. 3161.

Internal revenue ⬥12, 45—Taxes and penalties imposed only for illegal manufacture or sale, and not possession.

National Prohibition Act, tit. 2, § 35, authorizes assessment of taxes and penalties only for illegal manufacture or sale of liquor, and they may not be imposed on one for having liquor in his possession for sale.

Petition by the United States against William W. Guthrie. On demurrer by defendant. Demurrer sustained.

Thomas H. Morrow, U. S. Atty., of Cincinnati, Ohio.
M. C. Lykins, of Cincinnati, Ohio, for defendant.

PECK, District Judge. A petition by the United States for taxes and penalties, claimed under title 2, section 35, of the Volstead Law (41 Stat. 317), against one previously convicted of having "had in his possession for sale intoxicating liquor," and seeking the enforcement of a lien asserted by the collector of internal revenue against the real estate of the said offender for such tax, not averring either manufacture or sale by defendant, fails to state a valid cause of action, because section 35 aforesaid authorizes the imposition of a tax and penalty only upon evidence of illegal manufacture or sale of intoxicating liquor, and is to be strictly construed (Lipke v. Lederer, Collector, 258 U. S. ——, 42 Sup. Ct. 549, 66 L. Ed. ——, decided by United States Supreme Court June 5, 1922), and does not warrant such assessment against one merely having possession, although for the purpose of sale; and while possession by one not lawfully permitted is prima facie evidence of a purpose or intention to dispose of the liquor contrary to law, it does not raise a presumption that the possessor has in fact manufactured or already sold.

Demurrer sustained.

⬥For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes